FILED
5/31/2022 10:36 AM
FELICIA PITRE
DISTRICT CLERK
DALLAS CO., TEXAS
Angie Avina DEPUTY

1 CIT ESERVE

CAUSE NO. DC-22-05782 _____

| | | |
|---|---|---|
| **MARIA BARRON,** Plaintiff, | § § § | IN THE DISTRICT COURT |
| v. | § § | 95th \_\_\_\_ **JUDICIAL DISTRICT** |
| **FIESTA MART, LLC,** Defendant. | § § | **DALLAS COUNTY, TEXAS** |

### PLAINTIFF'S ORIGINAL PETITION

**TO THE HONORABLE JUDGE OF SAID COURT:**

**NOW COMES**, PLAINTIFF MARIA BARRON and files this, her Original Petition against the above-named DEFENDANT, FIESTA MART, LLC, and would respectfully show the Court the following:

### I.   RULES OF COMPLIANCE

Plaintiff requests that discovery in this case be conducted under a Level 3 Discovery Control Plan in accordance with Texas Rule of Civil Procedure 190.3. Further, Plaintiff seeks monetary relief over $1,000,000, pursuant to Texas Rule of Civil Procedure 47.

### II.   PARTIES AND SERVICE

Plaintiff MARIA BARRON is a natural person and a resident of Tarrant County, Texas.

Defendant FIEST MART, LLC is a Texas corporation headquartered in Houston, Texas and may be served through its registered agent, CT Corporation System at 1999 Bryan Street Ste. 900 Dallas, Texas 75201. **Issuance of citation is requested at this time**.

### III.   JURISDICTION AND VENUE

This suit is brought in accordance with the laws of Texas for the recovery of damages, which are in excess of the minimal jurisdictional limits of this Court, and which Plaintiff is entitled to receive

as compensation for her damages and injuries.

Venue is proper in Dallas County, Texas pursuant to Section 15.002(a)(1) of the Texas Civil Practice and Remedies Code, because all or a substantial part of the events or omissions giving rise to the claim occurred in Dallas County.

### IV.    FACTS

Plaintiff brings this suit to recover for injuries and damages sustained by her in a slip-and-fall incident which occurred on July 5, 2020 at a Fiesta Mart department store located at 2200 W. Shady Grove Rd. Irving, TX 75060. Upon information and belief, the department store where Plaintiff fell is now shutdown.

At the time of incident, Plaintiff was visiting the premises in order to purchase household and/or grocery items. Plaintiff exited the restrooms and was walking toward the produce section when she inadvertently slipped on a puddle of water, resulting in a hard fall onto the floor. Upon information and belief, Plaintiff contends there were no signs placed in the vicinity of the fall to adequately warn Plaintiff of the water on the floor, which posed a dangerous condition. Following the incident, Plaintiff's husband, who had been visiting a nearby business, rushed to Plaintiff's aid. Plaintiff was then taken by an ambulance to a nearby hospital for treatment of injuries. Plaintiff experienced pains in her, *inter alia*, back and legs in the aftermath of the incident, which necessitated medical treatment.

Plaintiff contends Defendant had actual or constructive knowledge of the dangerous condition on the premises - water on the floor of the premises - and the unreasonable risk of harm posed by the condition but failed to exercise reasonable care to either reduce or eliminate the risk. Defendant's failure to exercise reasonable care proximately caused Plaintiff's injuries and damages.

### V.    NEGLIGENCE/PREMISES LIABILITY

Defendant possessed and controlled the premises where Plaintiff's injuries occurred. Further,

as a customer and/or visitor of Fiesta Mart, Plaintiff was an invitee on the premises and was owed a duty of care by Defendant to manage, inspect, direct, restrict, govern, and oversee the premises and either make safe any dangerous condition on the premises or adequately warn Plaintiff of the same. Defendant knew or, in the exercise of ordinary care, should have known of the unreasonable dangerous condition, which it failed to inspect, eliminate, reduce, or warn of. Such failure constitutes negligence and was a proximate cause Plaintiff's damages and injuries. Specifically, Defendant was negligent in the following ways:

a. Failure to keep the floor of the premises in a reasonable safe condition for customers, including Plaintiff, to walk on;

b. Failure to warn customers, including Plaintiff, of the dangerous condition on the floor, when it knew or should have know that such a condition posed a hazard of bodily injury;

c. Failure to use reasonable care to protect customers, including Plaintiff, against an unreasonable risk of harm;

d. Failure to make safe a dangerous condition which posed an unreasonable risk of harm;

e. Failure to maintain adequate safeguards around a dangerous condition to render the premises reasonably safe to accommodate customers, including Plaintiff;

f. Failure to take adequate remedial measures of a dangerous condition;

g. Failure to supervise the area and/or employees responsible for maintaining floor condition; and

h. Failure to implement and/or enforce company policies and procedures regarding the floor condition.

Each of the above acts and omissions, singularly or in combination with others, constitute

negligence and negligence.

## VI. CAUSATION

Each of the aforementioned acts and/or omissions, singularly or in combination with others, constitute negligence, which was the proximate cause of this incident, and the injuries and damages sustained by Plaintiff.

## VII. DAMAGES

As a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiff incurred the following damages:

a. Medical expenses in the past and future;

b. Physical pain and suffering in the past and future;

c. Mental anguish in the past and future;

d. Physical impairment in the past and future;

e. Physical disfigurement in the past and future;

f. Lost wages in the past;

g. Loss of earning capacity in the future;

h. Costs of Court;

i. Such other and further relief to which Plaintiff may be justly entitled at law or in equity, specific or general.

## VIII. PRE AND POST-JUDGMENT INTEREST

Plaintiff would additionally say that she is entitled to the recovery of pre-judgment interest in accordance with law and equity as party of her damages herein, and Plaintiff here and now sues for recovery of pre-judgment interest as provided by law and equity, under the applicable provision of the laws of the State of Texas.

## IX. NOTICE OF INTENT

Plaintiff hereby gives notice of intent to utilize any and all items produced in discovery in the trial of this matter and the authenticity of such items is self-proven per Texas Rule of Civil Procedure 193.7.

## X. PRAYER

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff respectfully requests that Defendant Fiesta Mart, LLC be cited to appear and answer and that on final trial Plaintiff be awarded judgment against Defendant for the following:

a. Damages pleaded herein;

b. Pre and post-judgment interest at the maximum legal rate;

c. Cost of court; and

d. Such other and further relief, at law or in equity, to which Plaintiff may be justly entitled.

Respectfully submitted,

FIELDING LAW, PLLC

_____
SIKANDAR MEHR
State Bar No. 24094840
18601 Lyndon B. Johnson Freeway
Town East Tower, Suite 315
Mesquite, Texas 75150
Telephone: 214.666.8625
Fax: 214.279.6439
eservice@fieldinglaw.com
**ATTORNEY FOR PLAINTIFF**

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Karla Slovak on behalf of Sikandar Mehr
Bar No. 24094840
karla@fieldinglaw.com
Envelope ID: 64968803
Status as of 6/6/2022 9:56 AM CST

Associated Case Party: MARIA BARRON

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Sikandar Mehr | | eservice@fieldinglaw.com | 5/31/2022 10:36:56 AM | SENT |